IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN E. RILEY,

       Plaintiff,                  No. CIV S-06-0765 GEB GGH P

    vs.

C.A. TERHUNE, et al.,

       Defendants.             FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed October 18, 2006.  After carefully reviewing the record, the court recommends that defendants' motion be granted in part and denied in part.

LEGAL STANDARD FOR MOTION TO DISMISS

       A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based

1

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

ANALYSIS

This action is proceeding on the original complaint filed April 10, 2006. The court ordered service of defendants Terhune, Ryan, Trujillo, Rodriguez, Goodson, Bourland and

Grannis.  Service of defendants Ryan and Bourland has not been executed.  The motion to dismiss is made on behalf of defendants Terhune, Trujillo, Rodriguez, Goodson and Grannis.

Plaintiff alleges that he was placed on "C" status because he refused to comply with the grooming regulations.  Plaintiff alleges that complying with the grooming regulations would have violated his religious beliefs.  Plaintiff also alleges that his property was confiscated while he was on C status.  As relief, plaintiff seeks money damages and injunctive relief in the form of an order directing defendants to return his property.  Plaintiff has sued defendants in their official and individual capacities.

Defendants first move to dismiss plaintiff's claims against defendants in their official capacities.  Defendants argue that plaintiff's action against defendants in their official capacities is barred by the Eleventh Amendment.  The Eleventh Amendment does not bar claims for prospective injunctive relief against state officials in their official capacities.  Los Angeles County Bar Ass'n. v. Eu, 979 F.2d 697, 704 (9th Cir. 1992) (citing Ex Parte v. Young, 209 U.S. 123, 155-56, 28 S. Ct. 441 (1908); Edelman v. Jordan, 415 U.S. 651, 667-68, 94 S. Ct. 1347 (1974).  Because plaintiff is suing defendants for prospective injunctive relief, his claim against defendants in their official capacities is not barred by the Eleventh Amendment.

Defendants also argue that plaintiff's action against defendants in their official capacities is barred because a state official while acting in their official capacity is not a "person" within the meaning of § 1983.  State officials sued in their official capacity for injunctive relief are persons for purposes of § 1983.  Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 n. 10, 109 S. Ct. 2304 (1989).

Defendants next argue that plaintiff's claims against defendant Terhune are barred by the statute of limitations.  Plaintiff alleges that in 1997 defendant Terhune caused the grooming standards to be enforced.  In December 1999 plaintiff was placed on C status as a result of his failure to comply with the grooming regulations.  In June 2005 plaintiff's property was confiscated as a result of his failure to comply with the grooming regulations.

1   The statute of limitations in § 1983 civil rights cases is governed by state law. Wilson v. Garcia, 471 U.S. 261, 273-75, 105 S.Ct. 1938 (1985). Because civil actions are best characterized as actions for injuries to personal rights, federal courts borrow the statute of limitations that applies to personal injury actions. McDouglas v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir. 1991). Prior to January 1, 2003, California's statute of limitations for personal injury actions was one year. Cal. Code Civ. Proc. § 335.1 (West. Supp. 2002). Effective January 1, 2003, the new California statute of limitations for personal injury actions is two years. Cal. Code Civ. P. § 335.1 (West. Supp. 2004). California law also applies for the tolling of the statute of limitations for a period of up to two years based on the disability of imprisonment for prisoners serving less than life terms. Cal. Code Civ. P. § 352.1. The new statute of limitations does not apply retroactively. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).

Under the continuing violations doctrine, "a plaintiff who shows that a policy and practice operated at least in part within the limitations period satisfies the filing requirements...even if some or all of the events evidencing its inception occurred prior to the limitations period." Green v. City of Los Angeles Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir. 1989).

Plaintiff's claims against defendant Terhune regarding the events occurring in 1997 and 1999 are time barred unless the continuing violations doctrine is applicable based on the confiscation of his property in 2005. Defendants argue that the continuing violations is not applicable because plaintiff has not stated a colorable claim against defendant Terhune regarding the confiscation of his property in 2005. Defendants argue that defendant Terhune had no authority with respect to the grooming regulations at that time as he had retired.

"Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the constitutional violation.'"

4

Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)). "The requisite causal connection can be established...by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Redman v. County of San Diego, 942 F.2d 1435, 1448 (9th Cir. 1991).

The motion to dismiss contains no legal authority for the proposition that liability for implementation of a constitutionally deficient policy ceases once the defendant retires. This issue requires further legal briefing by both parties. Accordingly, the motion to dismiss the claims against defendant Terhune on grounds that they are barred by the statute of limitations should be denied because it is not well supported. However, the motion on this particular issue is denied without prejudice to its being raised and supported in a renewed motion to be filed in no more than thirty days. The issue is not whether a retired person can be held liable for actions taken while he was an active duty employee, but when that liability cuts off as a matter of law. Plaintiff seemingly asserts that there is no end to liability for enactment of deficient policies, i.e., that the continuing violation doctrine provides grounds for a lawsuit as long as the alleged defective policy was still in effect – one year, three years, or thirty years after the policy was first initiated. While this might be true for official capacity actions where the defendant is in reality the entity, it seems improper when applied in an individual capacity action to an employee retired at the time the policy allegedly affected the plaintiff, and retired for a period in excess of the statute of limitations. Under plaintiff's rationale, a governor who advocated for, and signed, legislation thirty years ago, only now found to be constitutionally deficient, is liable in damages to a plaintiff affected by the defective law in the twenty-ninth year from signing. In all probability, the continuing violation doctrine cannot be utilized to work such an absurdity; otherwise public office could only be held by those immensely wealthy or those immensely foolish.

\\\\\

Defendants next move to dismiss the claims against defendant Grannis on grounds that they are not legally cognizable. Plaintiff alleges that defendant Grannis denied his inmate appeals challenging the grooming regulations. Defendants correctly argue that plaintiff has no right to an administrative grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (2003).

Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom

1  complaints are sometimes made can never be liable under a ratification theory.  If, for example, a
2  reviewing official's rejections of administrative grievances can be construed as an automatic
3  whitewash, which may have led other prison officials to have no concern of ever being
4  reprimanded, a ratifying official may be liable for having put a defective policy in place.
5          The complaint contains no allegations suggesting that the rejection of plaintiff's
6  administrative appeals by defendant Grannis was an automatic whitewash.  Accordingly, the
7  motion to dismiss the claims against defendant Grannis should be granted.
8          IT IS HEREBY RECOMMENDED that defendants' October 18, 2006, motion to
9  dismiss be granted as to the claims against defendant Grannis; defendants' motion be denied in
10 all other respects.  Defendant Terhune may file a renewed motion to dismiss within thirty days.
11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  8/8/07

                                            /s/ Gregory G. Hollows
20                                          _____
                                            UNITED STATES MAGISTRATE JUDGE
21

22 ril765.mtd